# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CR-0103-CVE |
| | ) |
| RAMAR TREVELLE PALMS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion in Limine (Dkt. # 20). Defendant is charged with sex trafficking by means of force, fraud, or coercion (count one), attempted obstruction of sex trafficking enforcement (count two), and retaliation against a witness, victim, or informant (count three). Plaintiff asks the Court to prevent defendant from introducing evidence or making any argument concerning M.W.'s sexual history, defendant's alleged lack of criminal history, and the punishment he would be facing if convicted.

Plaintiff's motion in limine asks the Court to exclude three categories of evidence, but defendant responds only to plaintiff's argument concerning the admissibility of alleged acts of sexual behavior by M.W. Defendant apparently does not oppose plaintiff's requests to exclude evidence of defendant's alleged lack of criminal history or the punishment faced by defendant, and the motion in limine should be granted as to those issues. The key dispute is whether evidence of M.W.'s prior sexual behavior, including prior acts of prostitution and her sexual behavior with defendant, should be admissible at trial.

Under Fed. R. Evid. 412(a), "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition" is generally inadmissible in any civil or criminal proceeding. Defendant argues that it would violate his constitutional rights to exclude evidence of M.W.'s sexual behavior, and this evidence is admissible under an exception to Rule 412. Fed. R. Evid. 412(b)(1)(C). Defendant references two general categories of evidence. First, he argues that M.W. had prior experience in the commercial sex business, and he should be permitted to offer evidence that M.W. had previously voluntarily engaged in commercial sex acts to rebut the enticement element of count one. Dkt. # 36, at 2. Second, he intends to offer evidence that M.W. voluntarily engaged in sexual activity with him as alternative explanation for certain bruises or injuries that M.W. claims that she received in an altercation with defendant.

The Tenth Circuit has acknowledged that Rule 412 "pits against each other two exceedingly important values–the need to 'safeguard the alleged [sexual assault] victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details,' and the need to ensure that criminal defendants receive fair trials." United States v. A.S., 939 F.3d 1063, 1071 (10th Cir. 2019). The Confrontation Clause guarantees a defendant the right to cross-examine the witnesses against him, and a witness may be cross-examined about prior sexual behavior if this evidence is "relevant and probative on a central issue" of the charged offense. Id. at 1072 (quoting United States v. Powell, 226 F.3d 1181, 1198 (10th Cir. 2019)). This does not mean that a defendant is entitled to use a witness' prior sexual behavior to harass the witness or generally attack the witness' character for truthfulness, and the defendant must show that admission of the evidence is necessary under the Confrontation Clause. Id. at 1073. The

2

Confrontation Clause does "not mandate admission of irrelevant or general impeachment evidence." Id. at 1074.

However, courts generally agree that evidence that a witness may have committed prior commercial sex acts is not relevant to whether the sex acts at issue in the charged offenses were the result of force, fraud, or coercion. See United States v. Haines, 918 F.3d 694, 697 (9th Cir. 2019) (evidence of witness's pre- or post-indictment prostitution activities had no relevance the sex trafficking charges); United States v. Lockhart, 844 F.3d 501 (5th Cir. 2016) (evidence of pre- and post-indictment acts of prostitution of witness has no bearing on whether the defendant caused the witness to engage in commercial sex acts); United States v. Gemma, 818 F.3d 23, 34 (1st Cir. 2016) (victim's prior acts of prostitution had no bearing on whether the defendant forced the victim to engage in commercial sex acts); United States v. Rivera, 799 F.3d 180, 185 (2d Cir. 2015) (evidence of witness' prior commercial sexual acts irrelevant to the issue of whether the defendant coerced witness to work as prostitute). Defendant is essentially arguing that M.W. had a predisposition to engage in commercial sex acts, but this evidence would be irrelevant to show whether defendant coerced her to engage in such acts. Evidence of predisposition to engage in sexual acts is also specifically prohibited under Rule 412(a)(2). Defendant should not permitted to cross-examine M.W. about any prior commercial sex acts, because this would be irrelevant and offered only to generally impugn her credibility. There may certain issues upon which M.W. has already given sworn testimony in state court proceedings, and defendant may be permitted to impeach M.W. with her prior testimony if she gives conflicting testimony in this case and plaintiff has opened the door to testimony on those issues.

Defendant also intends to offer evidence that he engaged in a consensual sexual relationship with M.W. as alternative explanation for injuries that M.W. allegedly received in a January 9, 2019 incident that forms the basis for count three of the indictment. On January 9, 2019, defendant and M.W. were engaged in an altercation at a local bar, and M.W. claims that defendant threw her on the ground and threatened to kill her. Defendant claims that M.W. received injuries to her lips and neck while engaging in consensual activity with defendant, and he should be permitted to offer this evidence at trial. Dkt. # 36, at 2. In particular, M.W. allegedly testified at a state court hearing that she received an "enormous hickey" from defendant sometime around January 9, 2019. Dkt. # 36, at 10. Neither party has made an offer of proof concerning what injuries M.W. allegedly received during the January 9, 2019 incident, and it is not clear that it would be relevant whether she had an "enormous hickey." For example, if M.W. had bruising on other parts of her body or face that were wholly inconsistent with defendant's alternative explanation, it would be irrelevant whether she had an "enormous hickey" and he would be offering the evidence for an improper purpose. The fact that she did or did not engage in consensual sexual activity with defendant is not relevant to any of the charged offenses. At this time, it would be premature to rule on the admissibility of defendant's alternative explanation for M.W.'s injuries.

Plaintiff's motion to exclude evidence of M.W. prior sexual behavior is well supported by legal precedent, but the facts of the case and the manner in which plaintiff presents its case will impact what evidence is admissible. Plaintiff may open the door to certain evidence, such as M.W.'s knowledge about the commercial sex industry, if it elicits testimony that she had no such knowledge and this would conflict with her prior testimony in a state court proceeding. However, defendant's response suggests that he would broadly use evidence of M.W.'s prior sexual behavior to impugn

4

her character. Even if he is permitted to use certain evidence, this will likely be for a narrow purpose that is either directly relevant to the charged offenses or to correct a misleading impression of M.W. created by the testimony elicited by plaintiff.

**IT IS THEREFORE ORDERED** that plaintiff's Motion in Limine (Dkt. # 20) is **granted in part** and **denied in part**: the motion is granted as to plaintiff's request to exclude evidence of the alleged lack of defendant's criminal history and his potential punishment if convicted, but the motion is denied as to plaintiff's request to wholly exclude evidence of M.W.'s prior sexual behavior and her sexual behavior with defendant.

**DATED** this 5th day of November, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE