**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-103-CVE |
| | ) | |
| RAMAR TRAVELLE PALMS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant's *Motion to Dismiss for Spoilation of Evidence, or in the Alternative, Other Appropriate Relief*, [Dkt. 42], is before the undersigned United States Magistrate Judge for a Report and Recommendation. A *Response to Defendant's Motion to Dismiss*, [Dkt. 52], has been filed and an evidentiary hearing was held on November 4, 2019.

At the hearing, the court heard the testimony of the alleged victim, M.W., and the investigating officer concerning the handling of M.W.'s cell phone. M.W. testified that her phone was seized on the night of her arrest and she consented to a police forensic examination of her phone. Several days later the police advised her they were finished with the phone and returned it to her. Although her testimony was not perfectly clear on the point, M.W. testified that at some time after getting her phone back from the police she deleted text messages between herself and Defendant from the phone. M.W. testified that the police did not tell her to delete the text messages. M.W. also testified that Defendant had access to her phone after it was returned to her and that he regularly monitored her texts.

The investigating officer testified that he seized M.W.'s phone incident to arrest. Recognizing that the phone contained relevant evidence, the officer placed the phone in

airplane mode to keep it from being remotely wiped, obtained a consent from M.W. for a forensic examination of the phone, and attempted for several days to get with qualified persons to download the contents of the phone.  Because he could not find a qualified person to conduct the examination due to personnel shortages in the police department, the officer took photographs of the text messages between M.W. and the Defendant and returned the phone to M.W.  The officer testified he returned the phone to M.W. to maintain her cooperation as she was a victim/witness, not a defendant.  Several months later the officer got the phone back from M.W. and the contents were downloaded.  At that time, the texts between M.W. and Defendant were no longer on the phone.  The defense contends, and the government did not dispute, that all evidence of M.W.'s prostitution activities, including use of her phone for posting of online advertisements for sex were no longer on the phone.  Defendant argues that his due process right to a fair trial was violated by the government's failure to preserve exculpatory evidence on M.W.'s phone.

In *U.S. v. Bohl,* 25 F.3d 904, 909-910 (10th Cir. 1994), the Court set forth the legal principles that control the issue:

> Under the two-prong *Trombetta* test, the government violates a defendant's right to due process when: (1) it destroys evidence whose exculpatory significance is "apparent before" destruction; and (2) the defendant remains unable to "obtain comparable evidence by other reasonably available means." *Trombetta,* 467 U.S. at 489, 104 S.Ct. at 2534.  The Court in *Youngblood* extended *Trombetta* to provide that, if the exculpatory value of the evidence is indeterminate and all that can be confirmed is that the evidence was "potentially useful" for the defense, then a defendant must show that the government acted in bad faith in destroying the evidence. *Youngblood*, 488 U.S. at 58, 109 S.Ct. at 337-38.

Applying this test, Defendant contends that the exculpatory significance of the data on

M.W.'s phone was apparent before its destruction.  In particular, Defendant points to the evidence that M.W. was the one who posted the online advertisements for sex from her phone.  However, M.W. has acknowledged this fact to the police, the texts obtained from Defendant's phone discuss this evidence, and it is not at all clear that this fact qualifies as exculpatory.

Defendant also contends that the phone may have contained other favorable evidence concerning M.W.'s willing participation in prostitution and the nature of the relationship between M.W. and the Defendant.  Defendant argues that such evidence is essential to the defense in a case like this where the question whether M.W. was subject to force, threats of force, fraud, or coercion will be at issue.

It has not been established that any such evidence was in fact on the phone. Rather, Defendant's argument establishes that the exculpatory value of the lost data is indeterminate, and that all that can be established is that the evidence was potentially useful.  Under *Youngblood,* Defendant must show that the government acted in bad faith.

In regard to bad faith, Defendant asserts that the investigating officer was well aware that cell phones in these types of cases often contain critical information about the true relationships between the participants, including whether they are willing participants.  In addition, Defendant argues that the officer should have been aware that data could be lost if he returned it without a forensic examination having been performed.  Defendant asserts that these factors demonstrate that the government acted in bad faith by returning M.W.'s cell phone to her  before the data contained thereon was preserved in its entirety.

While the court does not condone the government's failure to maintain the phone until a forensic examination could be conducted, the court finds that Defendant has not

3

demonstrated that the government acted in bad faith.  In making this finding, the court has considered the factors outlined by the Tenth Circuit in *U.S. v. Simpson*, 845 F.3d 1039, 1059 (10th Cir. 2017) as bearing on the question of bad faith:

> (1) whether the government had explicit notice that [the defendant] believed the [evidence] was exculpatory; (2) whether the claim that the evidence is potentially exculpatory is conclusory, or instead "backed up with objective, independent evidence . . "; (3) whether the government could control the disposition of the evidence once [the defendant ] indicated that it might be exculpatory; (4) whether the evidence was central to the case; and (5) whether the government offers any innocent explanation for its disposal of the evidence.

(quoting *United States v. Smith*, 531 F.3d 1211, 1224-25 (10th Cir. 2008) (citations omitted, brackets and ellipses in *Simpson*)).  In the instant case Defendant has not demonstrated the government had explicit notice that Defendant believed M.W.'s cell phone contained exculpatory evidence.  The claim that favorable, possibly exculpatory evidence existed on M.W.'s phone is conclusory.  The evidence is not central to the case as Defendant's phone will reflect his texts with M.W. and M.W. is available to testify as to the contents of her phone.  And, finally, the government did not dispose of any evidence on the phone.

Defendant seeks the alternative relief of an adverse jury instruction for the spoliation of the evidence contained on M.W.'s cell phone.  "Spoliation is ... the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction." *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir.2003)(cited with approval in *Moreno v. Taos County Bd. of Com'rs*, 587 Fed.Appx 442, 444 (10th Cir. 2014)).  Sanctions for spoliation of evidence are appropriate when the party "had a duty to preserve the evidence because it knew or should have known that litigation was imminent, and [the other party] was prejudiced by the destruction of the evidence."  *103 Investors I, L.P. v. Square D Co.*,

4

470 F.3d 985, 989 (10th Cir.2006).  An adverse inference instruction may be an appropriate sanction for spoliation of evidence. *See id.* at 988.   To warrant an adverse inference instruction, a party must submit evidence of intentional destruction or bad faith.  *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1220 (10th Cir.2008); *see also Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir.1997) ("The adverse inference must be predicated on the bad faith of the party destroying the records.").  "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Aramburu*, 112 F.3d at 1407.  The evidence presented at the hearing does not demonstrate intentional destruction of evidence by the government, bad faith on the part of the government, or prejudice to Defendant.  The undersigned finds, therefore, that the circumstances of this case do not present any occasion for an adverse inference instruction.  The same considerations fail to support Defendant's request for suppression of any evidence of M.W.'s cell phone.     Based on the foregoing analysis, the undersigned United States Magistrate Judge RECOMMENDS that Defendant's *Motion to Dismiss for Spoliation of Evidence, or in the Alternative, Other Appropriate Relief*, [Dkt. 42], be DENIED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before November 19, 2019.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

determine de novo any part of the magistrate judge's

disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 5th day of November, 2019.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6