# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-CR-0103-CVE |
| RAMAR TREVELLE PALMS, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Now before the Court are plaintiff's Response to the Court's Oral Order to Provide Additional Information about a Proposed Expert Witness (Dkt. # 126) and Defendant's Motion In Limine Regarding Text Messages (Dkt. # 127). The Court previously held a trial in this matter which resulted in a hung jury on all charges, and a retrial is set for January 21, 2020. Plaintiff requests leave to offer the testimony of a domestic violence expert to assist the jury in "understanding counter-intuitive behaviors of the victim, as well as assessing elements of the charges against the defendant." Dkt. # 126, at 1. Defendant has filed a motion in limine concerning the admissibility of all text messages from his phone that were not sent to or received by Mary Walton, "Jbae," or "Kammy,"[1] and he asks the Court to exclude all text messages sent or received by "other recipients." Dkt. # 126, at 1.

---

[1] "JBae" and "Kammy" allegedly worked as prostitutes for defendant and Walton claimed that defendant assaulted "JBae" and "Kammy" in her presence as a means of intimidation or control. Dkt. # 103, at 9. The Court found that evidence that defendant threatened other prostitutes in the presence of Walton would be relevant to show coercion or intimidation, and overruled defendant's objection to the admission of this evidence.

On June 6, 2019, a grand jury returned an indictment charging defendant with sex trafficking by means of force, fraud, or coercion in violation of 18 U.S.C. § 1591 (count one), obstruction or attempted obstruction of sex trafficking enforcement (count two), and retaliation against a witness, victim, or informant (count three). Defendant exercised his right to a jury trial, and a mistrial was declared after the jury was unable to reach a unanimous verdict on any of the charges. The Court initially set a retrial for December 18, 2019, but the Court subsequently continued the retrial to January 21, 2020. After the mistrial, a grand jury returned a superseding indictment (Dkt. # 110) adding charges of transportation of an individual to engage in prostitution (count four) and promotion or facilitation of prostitution using a facility or means of interstate commerce (count five). The Court held an additional pretrial conference to consider matters that may arise at the retrial, and plaintiff advised the Court that it intended to call a domestic violence expert at the retrial. The Court suggested that the proposed testimony concerning the effects of domestic violence on a victim was common knowledge, but plaintiff was permitted to file a brief describing the proposed expert testimony and disclosing the identity of the expert witness. Dkt. # 123, at 1. Defense counsel objected to the admission of any text message at the retrial that did not concern, come from, or go to Mary Walton, "Jbae," or "Kammy." Id. at 2. The Court authorized defendant to file a motion in limine to exclude certain text messages. Id.

Plaintiff states that it intends to call Lori Gonzalez, LPC, to testify as a domestic violence expert. Gonzalez has as bachelor of science degree in psychology and a master's degree in counseling psychology, and she has 20 years of experience in counseling. Dkt. # 126, at 3. Plaintiff would elicit testimony about the Power and Control Wheel to generally explain relations between an abuser and his victim, but Gonzalez's testimony would not address the emotional or behavioral

characteristics actually displayed by Walton. Id. at 3-5. Gonzalez intends to offer testimony about the Campbell Danger Assessment, which is a tool used to assess the risk of homocide posed by an intimate partner. Id. at 4. Finally, Gonzalez would testify about the effects of domestic violence on the victim, and how the abuser controls and influences the victim's behavior. Id.

Defendant argues that plaintiff has failed to comply with the disclosure requirements of Fed. R. Crim. P. 16 and that Gonzalez's testimony is inadmissible under Daubert[2] and Kumho.[3] Dkt. # 106. However, the Court finds that the relevant issue is whether Gonzalez's testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The Court has the benefit of having heard Walton's testimony at the original trial of this matter, and Walton provided extensive and detailed testimony about the alleged coercive tactics employed by defendant to force her to engage in acts of prostitution. The cases cited in plaintiff's brief (Dkt. # 126) stand for the proposition that the testimony of a domestic violence expert can be admissible in cases concerning violence against women or Battered Women's Syndrome, but this is not a domestic violence case and general testimony about the Power and Control Wheel would not be helpful to the trier of fact. Defendant is charged with an offense under § 1591, and this statute has specific definitions of "coercion" and "serious harm" that will guide the jury as to the type of conduct that constitutes "force, fraud, or coercion." Domestic violence and the type of coercion that would be discussed by Gonzalez is not necessarily the type of conduct targeted by § 1591. The Court finds that plaintiff will not be permitted to offer the testimony of a domestic violence expert as part of its case-in-chief. However, defense counsel is cautioned that he could open the door to rebuttal

---

[2] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

[3] Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999)

3

testimony from a domestic violence expert if he elicits testimony or argues that defendant's conduct could not reasonably have coerced Walton to involuntarily engage in acts of prostitution or caused her fear of serious or physical restraint as contemplated under § 1591.

Defendant asks the Court to exclude all text messages that do not concern Walton, JBae, or Kammy. Dkt. # 127. The Court has reviewed defendant's motion and the attached exhibits, and finds that defendant's objections to the admissibility of text messages are overly broad and not suitable for an in limine ruling. Defendant is correct that the proponent of evidence has the burden to establish the relevance of evidence offered at trial, but the text messages may have relevance to establish context for other conversations and the nature of defendant's business, even if the messages are not direct evidence of criminal activity involving defendant and Walton. The Court will not preliminarily sift through 84 pages of text messages and defendant's copious objections to the admissibility of those messages, because many messages concerning recipients or senders other than Walton, JBae, or Kammy may be relevant for a proper purpose at trial. The Court also notes that plaintiff did not offer each message contained in the 84 pages of text messages at the original trial, and many of defendant's objections may be moot. Defendant may make specific objections to the admissibility of text messages at trial, but his motion in limine to exclude all text messages from his phone that do not concern Walton, JBae, or Kammy is denied. The parties are directed to confer in good faith before the retrial in an attempt to resolve defendant's specific objections to certain text messages to expedite the retrial of this matter.

**IT IS THEREFORE ORDERED** that Defendant's Motion In Limine Regarding Text Messages (Dkt. # 127) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff will be permitted to call a domestic violence expert as a rebuttal witness should defense counsel open the door, as stated above, by means of argument, cross-examination, or evidence presented in defendant's case-in-chief.

**DATED** this 14th day of January, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE