UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CR-103-CVE |
| ) | (23-CV-281-CVE-JFJ) |
| RAMAR TRAVELLE PALMS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. # 194). Under 28 U.S.C. § 2255, "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Defendant's § 2255 motion asserts four grounds for relief challenging his convictions and sentence. Dkt. # 194. Plaintiff has filed a response (Dkt. # 199) to defendant's motion. Defendant has not filed a reply and the deadline to file a reply has expired. Defendant's § 2255 motion is ripe for adjudication.

I.

On June 6, 2019, a grand jury returned an indictment charging defendant with sex trafficking by force, fraud, or coercion (count one), attempted obstruction of sex trafficking enforcement (count two), and retaliating against a victim (count three). Dkt. # 2. Defendant made his initial appearance on June 24, 2019, and the magistrate judge appointed Andrew Hofland to represent defendant. Dkt. # 7. Hofland filed numerous pretrial motions, including a motion to release defendant pending trial,

and a motion to suppress evidence seized during a search of defendant's cellular phone. Dkt. ## 15, 26. The Court found that no condition or combination of conditions would ensure defendant's presence at court proceedings or protect the alleged victim of sex trafficking, M.W., if defendant were released pending trial, and the Court denied his motion to revoke the magistrate judge's detention order. Dkt. # 31. Defendant subsequently filed a motion to dismiss the indictment based on spoliation of evidence, because police failed to maintain custody over M.W.'s cellular phone and M.W. was permitted to delete potentially exculpatory evidence from the phone. Dkt. # 42. The Court denied the motion to dismiss the indictment, because the exculpatory value of the evidence on M.W.'s phone was not immediately apparent and much of the relevant evidence from M.W.'s phone was also found on defendant's phone. Dkt. # 80.

On November 5, 2019, the Court held a pretrial conference and suppression hearing, and the key witness at the suppression hearing was Tulsa Police Department (TPD) officer Justin Oxford. Oxford was the police officer who initially encountered M.W. on November 20, 2018, when he was working in an undercover capacity and he responded to an advertisement to perform sex acts posted by M.W. Dkt. # 71, at 27-28. Oxford testified that he initially arrested M.W. on a charge of pandering, but he interviewed M.W. and came to believe that she was the victim of sex trafficking. Id. at 28. Oxford prepared an affidavit for search warrant of defendant's phone and submitted it to a state court judge, and the judge signed a warrant allowing Oxford to search defendant's phone for a broad range of electronically stored information, including internet chat histories, call logs, GPS data, and messages between M.W. and defendant. Id. at 29-31. Oxford testified that he reviewed a report prepared by a software program called Cellebrite, and he acknowledged that he could review essentially all of the information stored on defendant's phone, including information that was not

related to the sex trafficking investigation. Id. at 33. However, Oxford limited his search of the phone primarily to text messages from the time that M.W. met defendant in September or October of 2018 to her arrest on November 20, 2018. Id. at 37. The Court found no basis to suppress the evidence gathered as a result of Oxford's search of defendant's phone and denied defendant's motion to suppress. Dkt. # 64. The Court relied on the Tenth Circuit's decision in United States v. Loera, 923 F.3d 907 (10th Cir. 2017), and focused on the manner in which Oxford carried out his search. The Court determined that Oxford appropriately limited his search to the relevant time frame and subject matter. Dkt. # 64, at 15-17.

One of the most contested evidentiary issues in this case was the admissibility of evidence of M.W.'s sexual behavior and knowledge of the commercial sex industry before she met defendant. Plaintiff filed a motion in limine to exclude evidence of M.W.'s sexual history or prior sexual behavior, and the key evidence at issue was M.W.'s prior acts of prostitution and her sexual history with defendant. Dkt. # 20. Defendant responded that it would violate his constitutional right to confront the witnesses testifying against him if he were not permitted to cross-examine M.W. about her prior sexual history, because this evidence would directly rebut plaintiff's assertion that M.W. was coerced or enticed by defendant into committing commercial sex acts. Dkt. # 36. Defendant also argued that evidence of consensual sexual behavior between defendant and M.W. would provide an alternate explanation for injuries and bruises on M.W.'s face and neck on or about January 9, 2019.[1] Id. at 11. Defendant's response to the motion in limine also included his own notice of intent

---

[1] The factual basis for count three concerns an incident that took place at a bar in Tulsa on January 9, 2019, and M.W. alleged that defendant followed her outside of the bar and pushed her against a car. Dkt. # 115, at 126-27. M.W. claimed that defendant proceeded to beat and strangle her based on his belief that she was working with the police, and she claimed that defendant took her money and smashed her phone. Id. at 127-28. M.W.'s mother reported the incident to a police officer, and the police officer took photographs of M.W.'s injuries.

to use evidence of M.W.'s prior sexual behavior and related conduct, including evidence that M.W. had engaged in commercial sex acts and that she knew how to post advertisements to solicit potential clients before she met defendant. Id. at 2.

The Court found that evidence of M.W.'s prior acts of prostitution and her alleged sexual behavior with defendant fell within the scope of Fed. R. Evid. 412(a), and M.W.'s prior sexual history was not relevant or admissible at trial. Dkt. # 56. The Court relied on published Tenth Circuit precedent noting the tension between a defendant's right to confront a witness and the need to prevent the harassment of a witness with potentially embarrassing evidence. Id. at 2. The Court also cited decisions from other courts establishing that evidence of a witness' prior commercial sex acts is not relevant to whether the witness was subsequently enticed or coerced into engaging in commercial sex acts by a defendant. Id. at 3. Defendant was effectively attempting to argue that M.W. had a predisposition to engage in commercial sex acts before she met defendant, and Rule 412(a) expressly prohibited the use of a victim's prior sexual behavior to prove the victim's predisposition. Id. The Court declined to rule on the admissibility of evidence of the allegedly consensual sexual behavior of M.W. and defendant prior to January 9, 2019, because neither party had made an offer of proof concerning the nature of M.W.'s injuries and her allegations concerning the cause of the injuries. Id. at 4. The Court advised the parties that plaintiff could open the door to the limited use of evidence of M.W.'s knowledge about the commercial sex industry, because M.W. had previously given testimony on this issue in a state court preliminary hearing.[2] Id. at 4-5. The parties were cautioned that evidence of M.W.'s prior sexual behavior would be admissible only

---

[2] Defendant was charged with prostitution and drug offenses in state court, and M.W. testified at a preliminary hearing on those charges on March 19, 2019. Dkt. # 194-1. The state charges were subsequently dismissed after this case was filed.

if it were directly relevant to one of the charged offenses or necessary to correct a misleading impression created by M.W.'s testimony, but defendant would not be permitted to generally impugn M.W.'s character with evidence of her prior sexual behavior. Id.

The case proceeded to a jury trial in December 2019, but the trial ended in a mistrial after the jury could not reach a verdict on the three charges against defendant. Dkt. # 100. Before the retrial could begin, a grand jury returned a superseding indictment alleging two new criminal charges against defendant. Dkt. # 110. In addition to the three counts alleged in the original indictment, the superseding indictment charged defendant with transporting a person to engage in prostitution (count four) and using a facility or means of interstate commerce to promote prostitution (count five). The retrial began on January 21, 2020, and M.W.'s testimony started on the second day of the trial. On direct examination, M.W. testified that defendant forced her to work as a prostitute and he began controlling every aspect of her life. Dkt. # 186, at 2-3. Defendant forced M.W. to go on at least five "dates" with clients every night, and he would beat or strangle her if she spoke to another man of whom defendant did not approve. Id. After defendant was arrested in November 2020, M.W. testified that defendant forced her to marry him so that she could not be compelled to testify against him in court. Dkt. # 147, at 140. Hofland asked M.W. how she felt about commercial sex work, and she said that she "pretty much always felt the same about it" and "[i]t's not something [she] would choose to do on [her] own." Dkt. # 147, at 166. Hofland asked the Court to reconsider its ruling excluding evidence under Rule 412, and he claimed that M.W.'s testimony created a false impression that defendant was responsible for educating M.W. about the commercial sex business. Dkt. # 136; Dkt. # 148, at 4-6. The Court renewed its prior ruling concerning the admissibility of evidence of M.W.'s prior sexual behavior, because her prior sexual conduct "has nothing to do with whether she

5

was coerced in this case." Dkt. # 148, at 6. On the final day of the trial, the Court granted defendant's motion for judgment of acquittal as to count five of the superseding indictment. Dkt. # 149, at 3-6. The jury found defendant guilty of counts one, two, and four, and defendant was found not guilty as to count three. Dkt. # 142.

The United States Probation Office prepared a presentence investigation report (PSR) and, based upon a total offense level of 36 and a criminal history category of III, defendant's advisory guideline range was 235 to 293 months as to counts one and two. Count four carried a maximum sentence of 10 years imprisonment, and his advisory guideline range for count four was 120 months. Hofland filed a motion for downward departure (Dkt. # 153), objections (Dkt. # 154) to the PSR, and a motion for a non-guideline sentence (Dkt. # 157). Hofland argued that defendant's criminal history consisted primarily of minor, marijuana-related offenses, and a criminal history category of III overrepresented the seriousness of defendant's criminal history. Dkt. # 153. Hofland asked the Court to vary downward and sentence defendant to no more than 188 months imprisonment. Dkt. # 157. A sentencing hearing was held on July 7, 2020, and Hofland made another objection to the PSR. Dkt. # 180, at 3. The Court found that some of defendant's objections to the original PSR were resolved by revisions to the PSR, and the Court overruled the remaining objections. The Court rejected defendant's requests for a downward departure and a downward variance, and found that a sentence within the advisory guideline range was appropriate. Id. at 36-39. Defendant received a sentence of 235 months as to counts one and two, and a sentence of 120 months as to count four, with the sentences to run concurrently with each other. Dkt. # 165. A judgment of acquittal was entered as to counts three and five. Dkt. # 143. A judgment of conviction as to counts one, two, and four was entered on July 8, 2020. Dkt. # 165.

Hofland filed a notice of appeal and sought leave to withdraw as counsel after the appeal was filed. The Tenth Circuit granted Hofland's request to withdraw from his representation of defendant and appointed Blain Myhre to represent defendant on appeal. Dkt. # 174. Defendant raised two issues on appeal. Defendant argued that the search of his cellular phone violated his rights under the Fourth Amendment, and he argued that exclusion of evidence of M.W.'s prior sexual behavior violated his Fifth and Sixth Amendment rights. Dkt. # 186, at 3. On December 21, 2021, the Tenth Circuit affirmed defendant's convictions and sentence. The search warrant and the manner in which the search of defendant's cellular phone was carried out complied with the Fourth Amendment. Id. at 11-19. Evidence that M.W. had previously posted advertisements or engaged in acts of commercial had no relevance to whether defendant forced or coerced M.W. to engage in such conduct at a later date, and evidence of M.W.'s prior sexual behavior was properly excluded under Rule 412. Id. at 20-24. Defendant was granted an extension of time to file a petition for writ of certiorari, and his petition was due no later than July 8, 2022. Dkt. # 189. Defendant did not file a petition for writ of certiorari and his convictions became final on July 8, 2022. On July 7, 2023, defendant filed a § 2255 motion. The motion was filed within one year of the date that defendant's convictions became final, and his motion is timely under 28 U.S.C. § 2255(f)(1).

## II.

Defendant asserts four grounds for relief in his § 2255 motion. Defendant argues that he is entitled to a new trial based on prosecutorial misconduct, because plaintiff's counsel intentionally elicited false or misleading testimony from M.W. at trial. Dkt. # 194, at 11-14. Defendant claims that Hofland was ineffective for his handling of evidence concerning M.W.'s prior commercial sex activity, and evidence that M.W. previously posted advertisements or solicitations for commercial

sex acts would not have been subject to exclusion under Rule 412 under a theory that this evidence merely represented M.W.'s employment history. Id. at 15. Defendant argues that Hofland should have sought to suppress evidence seized from his cellular phone based on the state court's lack of jurisdiction to issue a search warrant in Indian Country. Id. at 20-30. Finally, defendant claims that the PSR incorrectly added a criminal history point for a misdemeanor drug conviction. Id. at 31.

**A.**

Defendant asserts two claims that are not based on the alleged ineffective assistance of counsel. He argues that plaintiff's counsel engaged in prosecutorial misconduct by knowingly enocuraging M.W. to give false testimony at trial. Dkt. # 194, at 10-14. Defendant also argues that the Court erred in calculating defendant's criminal history by adding a criminal history point for a 2017 misdemeanor conviction in Pittsburgh County, Oklahoma. Id. at 31. Plaintiff argues that defendant is procedurally barred from raising these claims in a § 2255 motion, because they were either not raised or were explicitly addressed on direct appeal. Dkt. # 199, at 4-7. Even if the Court could consider these claims, plaintiff argues that the claims are meritless and defendant would not be entitled to any relief under § 2255. Id.

Tenth Circuit precedent is clear that "[s]ection 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Criminal defendants may not use § 2255 motions as a substitute for a direct appeal, and failure to raise an issue at trial or on direct appeal creates a procedural bar. United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004); United States v. Barajas-Diaz, 313 F.3d 1242, 1245 (10th Cir. 2002). A procedural bar also arises when claims were raised on direct appeal and the claims have been considered and rejected by the appellate court. Warner, 23 F.3d at 291.

Procedural default can be excused if defendant can show that cause and prejudice exist to excuse the default or that a fundamental miscarriage of justice has occurred. Barajas-Diaz, 313 F.3d at 1247. Defendant bears the burden to show cause and prejudice or that a fundamental miscarriage of justice requires a court to excuse his procedural default. George v. Perrill, 62 F.3d 333, 335 (10th Cir. 1995). A defendant may establish cause to excuse a procedural default if he can show that a claim was not raised on direct appeal due to ineffective assistance of counsel. United States v. Cox, 83 F.3d 336 (10th Cir. 1996). The fundamental miscarriage of justice exception is "a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" United States v. McGaughy, 670 F.3d 1149, 1159 (10th Cir. 2012) (quoting Magar v. Parker, 490 F.3d 816, 820 (10th Cir. 2007)).

Defendant's claim of prosecutorial misconduct could have been raised on direct appeal, and the claim will be procedurally barred unless defendant can show cause and prejudice to excuse the default. United States v. Christy, 916 F.3d 814 (10th Cir. 2019) (considering claim of prosecutorial misconduct on direct appeal); United States v. Taylor, 514 F.3d 1092 (10th Cir. 2008) (explaining standard of review of claims of prosecutorial misconduct on direct appeal). Defendant makes no attempt to show cause and prejudice to excuse the default, and he does not argue that a fundamental miscarriage of justice requires the Court to excuse the procedural default. Even if the Court were able to reach the merits of defendant's prosecutorial misconduct claim, he has not shown that plaintiff's counsel intentionally elicited false testimony from M.W. concerning her willingness to engage in commercial sex acts. On cross-examination, M.W. testified that commercial sex work was "not something I would choose to do on my own." Dkt. # 147, at 166. She had previously testified at a preliminary hearing in state court that a former friend introduced her to commercial sex work,

and M.W. had placed advertisements for commercial sex about a year before she met defendant. Dkt. # 194-1, at 52. Defendant complains that M.W.'s trial testimony was "very deceptive," and M.W. was permitted to convey the impression that defendant forced her to engage in commercial sex acts. Dkt. # 194, at 14. However, the mere fact that M.W. previously placed advertisements for or engaged in commercial sex acts does not mean that wanted to engage in commercial sex acts when she met defendant, and the Court does not find any substantial discrepancy between M.W's trial testimony and her previous testimony at a state preliminary hearing. There is nothing in the record suggesting that plaintiff was permitted to elicit false or materially misleading testimony from M.W. during trial, and defendant was permitted to cross-examine M.W. at length in an effort to show that she was not coerced by defendant into engaging commercial sex acts. Defendant's claim is procedurally barred due to his failure to raise the claim of prosecutorial misconduct on direct appeal and, even if it were not barred, defendant has not actually shown that any prosecutorial misconduct occurred.

Defendant also argues that the Court incorrectly calculated his sentence, because he received an additional criminal history point for a 2017 drug conviction that was reduced to a misdemeanor. Dkt. # 194, at 31. Substantive challenges to a defendant's sentence, including the calculation of the advisory guideline range, can clearly be raised on a direct appeal, and this claim is also procedurally barred. Plaintiff argues that defendant's claim is meritless even if it were not procedurally barred. Dkt. # 199, at 7. The PSR states that defendant has a 2017 prior conviction for possession of a controlled substance in Pittsburgh County, Oklahoma, and the PSR notes that the charge was reduced from a felony to a misdemeanor. Defendant pled nolo contendere and received a three year deferred sentence. The PSR assessed one criminal history point for this conviction under United States

Sentencing Guideline § 4A1.1(c). The commentary to this guideline states that criminal history points are assessed "based on the maximum term imposed in previous sentences rather than on other measures, such as whether the conviction was designated a felony or misdemeanor. U.S. SENTENCING GUIDELINES MANUAL § 4A1.1 cmt. background (U.S. SENTENCING COMM'N 2023). United States Sentencing Guideline § 4A1.2(a)(3) explains that a conviction for which the execution of the sentence has been totally stayed or suspended, such as a deferred sentence, shall be assessed a single criminal history point under § 4A1.1(c). Even if the Court could reach the merits of defendant's claim, he has not shown that there was any error in the calculation of his criminal history, and the fact that a prior conviction was designated as a misdemeanor has no bearing on the assessment of a criminal history point for his 2017 conviction.

**B.**

Defendant raises two claims of ineffective assistance of counsel in his § 2255 motion. Defendant argues that Hofland was ineffective for failing to offer evidence that M.W. previously worked in a "sexualized position," because her employment history cannot reasonably be categorized as evidence of prior sexual behavior that would have fallen within the scope of Rule 412. Dkt. # 194, at 15-17. Defendant also argues that the search warrant issued by a state court judge for the search of defendant's cellular phone was invalid under McGirt v. Oklahoma, 140 S. Ct. 2452 (2020), and Hofland was ineffective for failing to argue that the state court lacked jurisdiction to issue the search warrant. Id. at 20-30.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993).

A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). In Glover v. United States, 531 U.S. 198, 199 (2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance." Thus, the prejudice prong of the Strickland test does not require that any increase in sentence must meet a standard of significance. See United States v. Horey, 333 F.3d 1185, 1187-88 (10th Cir. 2003).

Defendant claims that Hofland was ineffective for failing to offer evidence that M.W. had previously posted advertisements or solicitations to perform commercial sex acts, because this evidence merely went to M.W.'s prior employment and not any prior sexual behavior that would

have been subject to exclusion under Rule 412.[3] Hofland made numerous arguments in an effort to use evidence of M.W.'s prior sexual behavior and her commercial sex activity at trial, and he vigorously argued that defendant's constitutional rights would be violated if he could not use evidence of M.W.'s prior commercial sex acts to attack her credibility. He also filed notice that he intended offer evidence falling within the scope of Rule 412 for various purposes, including that M.W. had prior knowledge of how to post online advertisements for commercial sex and that she had voluntarily engaged in commercial sex acts before she met defendant. Dkt. # 36, at 2. He also argued that M.W. would give false or misleading testimony that defendant induced her into engaging in commercial sex acts, and Hofland argued that it would be necessary to offer evidence of her prior sexual behavior in order to preserve defendant's right to confront the witnesses against him. Id. at 3.

Hofland may not have made the exact argument now asserted by defendant that posting advertisements for commercial sex was not in itself sexual behavior under Rule 412, but he made repeated efforts to use evidence of M.W.'s prior knowledge of how to place advertisements as a means to discredit M.W's testimony that defendant forced her to engage in commercials sex acts. Hofland was ultimately unsuccessful in his efforts to persuade the Court that this evidence was relevant. However, this does not mean that Hofland's performance was deficient in regard to his attempts to use M.W.'s prior commercial sex acts or her advertisements for this activity as direct

---

[3]  Much of defendant's argument is focused on whether the Court erred by excluding evidence that M.W. had engaged in commercial sex acts or posted advertisements to engage in commercial sex acts before she met defendant. Defendant raised this issue on direct appeal and the Tenth Circuit affirmed this Court's decision to exclude this evidence at trial. Dkt. # 186, at 20-24. The Court will consider whether Hofland should have raised the precise argument now asserted by defendant, but the Court's substantive evidentiary ruling has been resolved on appeal and is outside the scope of defendant's § 2255 motion.

evidence or as a means to impeach M.W. The Court also does not find that defendant was prejudiced by Hofland's failure to make the specific argument that M.W.'s prior work or employment as a commercial sex worker was admissible under a theory that this was simply M.W.'s employment history. There is no substantial difference between attempting to classify M.W.'s prior commercial sex work as sexual behavior or employment, and otherwise inadmissible evidence of M.W.'s prior sexual behavior would not become relevant merely by treating the sex acts as an occupation.

Defendant devotes a substantial part of his § 2255 motion to his argument that the search warrant issued by a state court judge for a search of defendant's cellular phone was invalid due to federal preemption of all criminal matters within the city of Tulsa. Dkt. # 194, at 21. However, defendant has made no attempt to show how this has anything to do with his case or how Hofland's performance fell below a reasonable range of professional conduct. McGirt was decided on July 9, 2020, which was after the second trial and sentencing hearing and judgment in this case. Defendant has cited no authority suggesting that Hofland was required to predict the outcome in McGirt and, based upon that prospective ruling, seek reconsideration of the Court's ruling on defendant's motion to suppress evidence seized from a search of his cellular phone. Even if the Court were to assume that Hofland should have raised such an argument, defendant cannot show that he was prejudiced by Hofland's failure to prospectively raise a jurisdictional challenge to the search warrant. In previous cases, this Court has explained that pre-McGirt search warrants issued or executed by state officials are not invalid on jurisdictional grounds, even if executed against the property of Native Americans, because state officials had a good faith belief at the time that the state of Oklahoma had the authority to issue the search warrant. United States v. Bailey, 2021 WL 3161550 (N.D. Okla.

July 26, 2021); United States v. Hamett, 2021 WL 1534529 (N.D. Okla. Apr. 18, 2021). Other judges have applied the same reasoning and the Court has found no judicial decision invalidating a pre-McGirt search warrant on jurisdictional ground. United States v. Little, 2022 WL 14224529 (N.D. Okla. Oct. 24, 2022); United States v. Budder, 601 F. Supp. 3d 1105, 1115 (E.D. Okla. 2022). Defendant has failed to assert any allegations that could suggest that Hofland provided deficient performance by failing to predict the outcome in McGirt and, even if Hofland had raised a jurisdictional argument, defendant has not shown that it would have changed the Court's ruling on his motion to suppress. Defendant's claims of ineffective assistance of counsel are meritless, and both of defendant's ineffective assistance of counsel claims are denied.

### III.

The Court must also consider whether to issue a certificate of appealability (COA) on any issue raised in defendant's § 2255 motion. Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a COA before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right. The Court does not find that the issues raised by defendant are debatable

among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. # 194) is **denied**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as to any issue raised in defendant's § 2255 motion.

**DATED** this 9th day of February, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE